IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 13 B 00627 |
| ) | |
| PAWEL HARDEJ, ) | Judge Janet S. Baer |
| ) | |
| Debtor. ) | Chapter 7 |
| _____) | |
| ALBANY BANK AND TRUST COMPANY, N.A.,) | |
| ) | Adversary No. |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| PAWEL HARDEJ, ) | |
| ) | |
| Defendant. ) | |

## CREDITOR'S COMPLAINT TO DENY DEBTOR'S DISCHARGE

NOW COMES Plaintiff Albany Bank and Trust Company, N.A., by its attorney, and for its complaint against the Debtor/Defendant Pawel Hardej, states as follows:

### COUNT 1
(Section 727(a)(6)(C) of the Bankruptcy Code)

### Introduction

1. Creditor Albany Bank and Trust Company, N.A. brings this adversary proceeding under Section 727(a) of the Bankruptcy Code to deny the Debtor a bankruptcy discharge. The five counts set forth in this adversary complaint are as follows:

| | |
|---|---|
| Count 1 | Section 727(a)(6)(C) of the Bankruptcy Code |
| Count 2 | Section 727(a)(5) of the Bankruptcy Code |
| Count 3 | Section 727(a)(3) of the Bankruptcy Code |
| Count 4 | Section 727(a)(2)(A) of the Bankruptcy Code |
| Count 5 | Section 727(a)(4)(A) of the Bankruptcy Code |

1

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 in that it is a civil proceeding arising under, arising in, or related to a bankruptcy case under Title 11 of the United States Code.

3. This complaint arises under 11 U.S.C. § 727(a).

4. This complaint initiates a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1409(a).

## Parties

6. Defendant Pawel Hardej initiated his bankruptcy case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 8, 2013 (Petition Date). In his petition, the Debtor lists one corporation, Metropolitan Development Enterprises, Inc., and 19 limited liability companies that Debtor set forth as *fdba* entities that he was formerly doing business as. Metropolitan Development Enterprises, Inc. has always been wholly owned by the Debtor.

7. Plaintiff Albany Bank and Trust Company, N.A. (Albank) is a creditor of the defendant Pawel Hardej and is listed by Debtor on the first page of his Schedule F.

## Facts

8. On April 2, 2013, this Court entered an order allowing Albank to issue a Rule 2004 request to the Debtor to produce documents and to appear for oral examination. (Bankruptcy Case Docket 18).

9. On July 12, 2013, the Debtor appeared at the agreed time of 1:30 p.m. to start his Rule 2004 oral examination.

2

10. Two hours later at 3:30 p.m. the Debtor stated: "I am done....I'm leaving." The Debtor added: "If you want to call me back, you can call me back."

11. As of 3:30 p.m., there were many issues that had not yet been covered.

12. Subsequently, the undersigned counsel for Albank suggested five different dates for the resumption of Debtor's Rule 2004 oral examination.

13. However, on July 25, 2013, counsel for the Debtor told the undersigned that it is the Debtor's position that he has provided sufficient information and will not appear to finish his Rule 2004 oral examination. This was confirmed in an email from Debtor's counsel to the undersigned on July 26, 2013, a true and correct copy of which is attached hereto as Exhibit 1.

### Specific Violation of The Bankruptcy Code

14. Section 727(a)(6)(C) provides in relevant part that the Bankruptcy Court shall grant Debtor a discharge unless the Debtor has refused on a ground other than the properly invoked privilege against self-incrimination to testify.

15. Debtor's refusal to finish his Rule 2004 oral examination violates section 727(a)(6)(C) of the Bankruptcy Code. See *In re Wood*, 123 B.R. 881, 884, 886 (D. Haw 1991), *aff'd*, 972 F.2d 1348 (9th Cir. 1992).

WHEREFORE, Plaintiff Albany Bank and Trust Company, N.A. respectfully asks that this Court deny Debtor Pawel Hardej a discharge pursuant to Section 727(a)(6)(C) of the Bankruptcy Code and for such other relief as is proper.

3

## COUNT 2
(Section 727(a)(5) of the Bankruptcy Code)

16. Plaintiff Albany Bank and Trust Company, N.A. realleges and incorporates herein the allegations contained in paragraphs 1 through 7 of Count 1.

### Facts

17. The Debtor, a real estate developer and investor, testified at his Rule 2004 examination that the real estate crash hit Chicago during calendar year 2007.

18. In fact, on or about May 5, 2008, MB Financial Bank, N.A. demanded that Debtor pay MB Financial $13,127,765.09 under Debtor's personal guaranty to that bank. (A true and correct copy of the May 5, 2008 demand letter to Debtor from MB Financial Bank is attached hereto as Exhibit 2.) To this day, Debtor has not satisfied that obligation.

19. Debtor further testified that at the end of year 2008, the real estate crash was hitting him full force.

20. However, in the one-month period from December 9, 2008 through January 9, 2009, Debtor wrote three checks transferring a total of $420,000 to himself or his wife. The three checks are listed below. A true and correct copy of each of those checks is set forth in Group Exhibit 3 attached hereto:

| Amount | Date of Check | Account Owner | Payee |
| --- | --- | --- | --- |
| $100,000.00 | 12/9/2008 | Metropolitan Dev. | Debtor |
| $220,000.00 | 1/4/2009 | Debtor and Wife | Wife |
| $100,000.00 | 1/9/2009 | Metropolitan Dev. | Debtor |

4

21. When questioned at his Rule 2004 oral examination, the Debtor could not answer where the $420,000 went.

### Specific Violations of The Bankruptcy Code

22. Section 727(a)(5) provides that the Bankruptcy Court shall grant Debtor a discharge unless the Debtor has failed to satisfactorily explain any loss of assets to meet Debtor's liabilities.

23. Although requested to explain the loss of assets at his Rule 2004 oral examination, Debtor failed to explain satisfactorily the loss of the $420,000.00 referred to above.

WHEREFORE, Plaintiff Albany Bank and Trust Company, N.A. respectfully asks that this Court deny Debtor Pawel Hardej a discharge pursuant to Section 727(a)(5) of the Bankruptcy Code and for such other relief as is proper.

### COUNT 3
(Section 727(a)(3) of the Bankruptcy Code)

24. Plaintiff Albany Bank and Trust Company, N.A. realleges and incorporates herein the allegations contained in paragraphs 1 through 23 of Count 2.

### Facts

25. Although the Debtor claims he supplied the undersigned "with any and all documents in his possession or that he could obtain otherwise" (Exhibit 1 hereto), the Debtor did not supply documents or records to explain where the $420,000.00 (the subject of the three checks set forth in Exhibit 3) went.

5

### Specific Violations of The Bankruptcy Code

26. Section 727(a)(3) provides in relevant part that the Bankruptcy Court shall grant Debtor a discharge unless the Debtor has failed to keep or preserve documents, records, or papers from which the Debtor's financial condition or business transactions might be ascertained.

27. Debtor's failure to provide documents or records to explain the disposition of the $420,000.00 referred to above violates section 727(a)(3) of the Bankruptcy Code.

WHEREFORE, Plaintiff Albany Bank and Trust Company, N.A. respectfully asks that this Court deny Debtor Pawel Hardej a discharge pursuant to Section 727(a)(3) of the Bankruptcy Code and for such other relief as is proper.

### COUNT 4
(Section 727(a)(2)(A) of the Bankruptcy Code)

28. Plaintiff Albany Bank and Trust Company, N.A. realleges and incorporates herein the allegations contained in paragraphs 1 through 23 of Count 2.

### Facts

29. In his bankruptcy schedules, the Debtor lists more than 53 million dollars of debt.

30. In Schedule A, the Debtor states that he owns no real property. In Schedules B and C, the Debtor lists a total of $14,325.00 in nonexempt assets.

31. The Debtor testified that he was planning to file bankruptcy at least a year before the date (January 8, 2013) that he actually filed his bankruptcy petition.

32. On or about July 16, 2012–less than six months before filing his chapter 7 petition in this case, the Debtor transferred his joint interest in real property. Debtor's ownership interest had substantial value. (A true and correct copy of the deed transferring ownership is attached

hereto as Exhibit 4.) The real property is a single family dwelling in Galena, Illinois that was and is so beautiful that a photo of the grounds and the house was printed as a color photograph on the cover page of a local newspaper.

33. The transfer of the Galena real estate is listed in item 10 of Debtor's Statement of Financial Affairs. (A true and correct copy of Debtor's Statement of Financial Affairs is set forth in Exhibit 5 attached hereto.)

34. The Debtor states the transfer of the Galena property was pursuant to a divorce settlement. But a debtor "cannot simply avoid his creditors by clothing his transfers in the judicial robes of a divorce settlement." *United States ex rel Hartigan v. Alaska*, 661 F.Supp. 727, 729 (N.D. Ill. 1987).

## Specific Violations of The Bankruptcy Code

35. Section 727(a)(2)(A) provides in relevant part that the Bankruptcy Court shall grant Debtor a discharge unless the Debtor, with intent to hinder, delay, or defraud a creditor, has transferred or removed or has permitted to be transferred or removed property of the Debtor within one year before the filing of the petition.

36. Consequently, the Debtor's transfer of his only asset of any significant value to his ex-wife less than six months before filing his chapter 7 petition in this case when he knew he would soon be filing a bankruptcy petition is a violation of section 727(a)(2)(A) of the Bankruptcy Code.

WHEREFORE, Plaintiff Albany Bank and Trust Company, N.A. respectfully asks that this Court deny Debtor Pawel Hardej a discharge pursuant to Section 727(a)(2)(A) of the Bankruptcy Code and for such other relief as is proper.

## COUNT 5
(Section 727(a)(4)(A) of the Bankruptcy Code)

37. Plaintiff Albany Bank and Trust Company, N.A. realleges and incorporates herein the allegations contained in paragraphs 1 through 7 of Count 1.

### Facts

A. <u>Debtor's 2010 Income Was 43% More Than Debtor Listed</u>

38. In item 1 of his Statement of Financial Affairs (Exhibit 5 hereto), the Debtor lists zero employment income for 2010. In item 2 of his Statement of Financial Affairs, the Debtor lists unemployment compensation in the amount of $16,350.00 for 2010. Thus, Debtor lists total income in the amount of $16,350.00 for year 2010.

39. Debtor omitted that he received $7,000.00 from a commercial real estate closing in November, 2010. See Exhibit 6 hereto.

40. Thus, Debtor's income was 43% more than he listed in his Statement of Financial Affairs.

B. <u>Debtor's 2012 Income Was 134% More Than Debtor Listed</u>

41. In item 1 of his Statement of Financial Affairs (Exhibit 5 hereto), the Debtor lists employment income and employer auto allowance totaling $23,630.74 for year 2012. Item 2 of Debtor's Statement of Financial Affairs lists no other income for 2012.

42. Debtor omitted that he received $31,619.27 more than he listed. Thus, Debtor's total income for 2012 is at least $55,250.01 (See Group Exhibit 7 attached hereto.)

43. Consequently, Debtor's income for 2012 was 134% more than the amount the Debtor reported in his Statement of Financial Affairs.

C. Debtor Omitted All Of His Vertical Farming Businesses From His SFA Item 18 Response

44. Item 18 of a debtor's Statement of Financial Affairs requires the debtor who is an individual to list all businesses in which the debtor was an officer, director, partner, or managing executive or was self-employed or engaged in another activity either full- or part-time within six years before debtor's petition date.

45. Although Debtor listed 20 entities in response to Item 18 of his Statement of Financial Affairs, all 20 listed entities pertain to the Debtor's real estate business. For the last several years, Debtor has been speaking around the country and personally engaged in the new industry of vertical farming in which produce is grown inside warehouse-type buildings. Indeed, as of the date of his petition in this case, Debtor was (and still is) a key executive in one of, if not the largest, vertical farming business in the United States. The Debtor is frequently interviewed on major media outlets worldwide for his knowledge and expertise concerning the vertical farming industry. Indeed, the Debtor has spoken in public forums about how to raise money to start a vertical farming business.

46. Specifically, with respect to item 18 of Debtor's Statement of Financial Affairs, Debtor omitted one or more of the following farming businesses from his response:

      a) Aquaranch Industries;

      b) City Micro Farms;

      c) Cityponics;

      d) Farmedhere;

      e) Here;

      f) Harvested Here.

## Specific Violations of The Bankruptcy Code

47. Section 727(a)(4)(A) provides that the Bankruptcy Court shall grant Debtor a discharge unless the Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

48. Debtor has violated section 727(a)(4)(A) for one or more of the reasons set forth in paragraphs 38 through 46 above, including but not limited to, one or more of the following:

- (I) Falsified (by understatement) Debtor's 2010 Income;
- (II) Falsified (by understatement) Debtor's 2012 Income;
- (III) Falsified (by omission) Debtor's extensive activities in the vertical farming industry.

WHEREFORE, Plaintiff Albany Bank and Trust Company, N.A. respectfully asks that this Court deny Debtor Pawel Hardej a discharge pursuant to Section 727(a)(4)(A) of the Bankruptcy Code and for such other relief as is proper.

ALBANY BANK AND TRUST
COMPANY, N.A.

By: /s/ Jeffrey W. Finke
    Attorney for Plaintiff

Jeffrey W. Finke (0808679)
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601-1799
(312) 606-3333

July 26, 2013

| EXHIBIT DESCRIPTION | EXHIBIT NUMBER |
|---|---|
| | |
| July 26, 2013 Email From Debtor's Counsel | 1 |
| May 5, 2008 $13,127,765.09 Demand Letter | 2 |
| 3 Check Disbursements Totaling $420,000.00 | Group 3 |
| Galena July, 2012 Quit Claim Deed | 4 |
| Debtor's Statement of Financial Affairs | 5 |
| November, 2010 Real Estate Closing Payout | 6 |
| Debtor's 2012 Payroll and Other Income | Group 7 |