IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13-00627 |
| | ) | |
| PAWEL HARDEJ, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Judge Janet S. Baer |

## MOTION TO ALTER OR AMEND ORDER (RULE 9023)

NOW COMES Discharged Debtor, PAWEL HARDEJ, by and through his attorney, ROZOVICS LAW FIRM, LLC, and for his Motion to Alter or Amend this Court's February 15, 2017 Memorandum Opinion [ECF #98] and Order Granting in Part and Denying in Part Debtor's Motion for Rule to Show Cause [ECF #99] pursuant to Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e), and in support thereof, states as follows:

### BACKGROUND

1. On August 9, 2016, Discharged Debtor, PAWEL HARDEJ ("HARDEJ"), filed his Motion to Reopen Case and for Rule to Show Cause [ECF #79] wherein HARDEJ requested that this Court find Metropolitan Development Enterprises, Inc. ("MDE") and its Counsel Kevin P. McJessy ("McJessy") and John P. Konvalinka ("Konvalinka")(hereinafter collectively referred to as "MDE Parties") in contempt of court for filing and prosecuting claims against HARDEJ in Cook County Circuit Court Case No. 2016 L 758, entitled *Metropolitan Development Enterprise, Inc. v. Pawel Hardej* ("MDE Litigation") in violation of the discharge injunction pursuant to 11 U.S.C. §§105(a) and 524(a). HARDEJ further requested that this Court find the MDE Parties in contempt and award HARDEJ actual damages incurred in defending against the MDE Litigation and in pursuing the Motion to Reopen Case and Rule to Show Cause.

1

2. Discharged Debtor's Motion was fully briefed by the parties, but no oral argument was held by this Court.

3. On February 15, 2017 this Court issued a Memorandum Opinion [ECF #98} and Order Granting in Part and Denying in Part Debtor's Motion for Rule to Show Cause [ECF #99] ("Order"). The Court determined that the debt which is the subject of the MDE Litigation was discharged in this Bankruptcy and enjoined MDE from pursuing claims related to that debt in the MDE Litigation. While this Court found that the debt was discharged, it declined to award HARDEJ the actual damages he incurred in defending against the MDE Litigation, including his costs and attorney's fees, as the Court believed the MDE Parties were not acting in bad faith.

4. HARDEJ agrees with the Court that the MDE Litigation violated the discharge order and that all action in the MDE Litigation should be enjoined. However, for the reasons set forth below, HARDEJ requests that this Court reconsider only that portion of the February 15, 2017 Order denying HARDEJ's request for damages.

**LEGAL STANDARD**

5. Federal Rule of Bankruptcy Procedure 9023 states, in relevant part, "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Because the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy procedure do not explicitly allow for a motion to reconsider, a Rule 9023 motion is the appropriate mechanism to seek reconsideration of an order. Rule 9023 Motions seeking reconsideration of an order in the Bankruptcy Court are evaluated under Rule 59(e) of the Federal Rules of Civil Procedure. *Walker v. Abbott Laboratories*, 340 F.3d 471, 475 (7th Cir. 2003). Motions for reconsideration under Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present

2

newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 707 (N.D. Ill. 2006). A "manifest error of law" exists where there is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D. Ill. 1997).

**ARGUMENT**

6. HARDEJ recognizes and appreciates the significant amount of time and energy this Court put into its ruling on the issue of whether the debt in the MDE Litigation was discharged. HARDEJ absolutely agrees with the Court's ruling on that issue as well as its ruling that because the debt was discharged, the MDE Litigation must be enjoined. However, HARDEJ requests that this Court reconsider only that portion of its ruling regarding the refusal to award HARDEJ his actual damages incurred as a result of the MDE Litigation. HARDEJ also requests clarification that the Order does not bar HARDEJ from pursuing a Motion for Sanctions in the MDE Litigation pursuant to Illinois Supreme Court Rule 137.

**I. This Court Misapplied the Law by Failing to Analyze Whether Discharged Debtor was Entitled to Damages Based on the As Is, Where Is Clause in the MDE Purchase Agreement**

7. The Court's Memorandum addressed three separate questions raised by HARDEJ's Motion for Rule to Show Cause: (1) was the debt in the MDE Litigation discharged; (2) was the conduct in the MDE Litigation enjoined; and (3) is a finding of civil contempt appropriate. [ECF #98] In answering the first two questions, the Court examined the facts in this case from two separate angles: one from the view of sufficient notice under §523(a)(3)(B), and the other from the view of the AS IS, WHERE IS clause in the MDE Purchase Agreement. With regards to the AS IS, WHERE IS clause, this issue was disposed of in a footnote only, but the Court found that, "Because the Discharge Order was entered before the sale took place and the

3

sale was conducted on an as is, where is basis, the Trustee's conveyance of the stock in MDE – and thus any claims that MDE may have had against the Debtor – was a conveyance of claims already discharged." [ECF #98, p. 15, n. 12]. The second question did not explicitly address the AS IS, WHERE IS clause, but the discussion was broad and appeared to encompass both factual scenarios. While the Court addresses the third question, whether a finding of civil contempt and an award of damages is appropriate, from the view of sufficient notice under §523(a)(3)(B), this Court failed to address this third question with regards to the AS IS, WHERE IS clause.

8. This Court set forth the standard for Civil Contempt in its Memorandum,

> A party that knowingly violates a discharge order may be held in civil contempt. *See In re Andrus*, 184 B.R. 311, 315 (N.D. Ill. 1995). A finding of willfulness or bad faith is not required. *In re Elias*, 98 B.R. 332, 337 (N.D. Ill. 1989). Rather, "[i]t is enough that the order violated is specific and definite, and that the offending party has knowledge of it." *Id*.

[ECF #98, p. 15]

9. This Court did not in any way analyze whether the presence of the AS IS, WHERE IS clause in the Purchase Agreement and the knowledge that the discharge had already been granted prior to the offer of sale made the violation of the discharge order a knowing violation by the MDE Parties such that Civil Contempt was appropriate and that HARDEJ was entitled to damages. While HARDEJ recognizes that this Court has discretion to award damages for civil contempt, this Court never reached that issue as it related to the AS IS, WHERE IS clause and therefore the analysis is incomplete under the *In re Elias* standard.

10. Because the Court failed to properly apply the law and complete the full analysis, HARDEJ requests that this Court reconsider only that portion of its February 15, 2017 Order which denied HARDEJ's request for damages and instead apply the standards for contempt to the AS IS, WHERE IS argument. Once the Court completes this analysis, HARDEJ is confident

4

that this Court will determine that the MDE Parties should be found in Civil Contempt and that HARDEJ is entitled to an award of actual damages, including his attorney's fees and costs.

**II. This Court Misapplied the Law by Applying the Improper Standard to Discharged Debtor's Request for Actual Damages**

11.    HARDEJ further brings this Motion because there was a misapplication of the law with regards to the finding that though the debt was discharged, HARDEJ was not allowed to recover his attorney's fees and costs for MDE's erroneously and aggressively pursued state court action.. In denying HARDEJ's request for damages, this Court found: "Under these circumstances, the Court does not find that the Respondents were acting in bad faith. As a result, the Court, in its discretion, declines to award damages or attorneys' fees to the Debtor." [ECF #98, p. 17] This holding applied an incorrect standard for determining whether sanctions are appropriate for civil contempt, in that the Court focused on the subjective standard of whether bad faith was present, as opposed to the objective standard of whether the MDE Parties had actual knowledge that they were acting in violation of the discharge. As set forth in paragraph 9 above, in determining whether to find a party in Civil Contempt and to award sanctions, this Court must determine whether that party had knowledge of the discharge order and knowledge that it was violating the order. *In re Elias*, 98 B.R. 332, 337 (N.D. Ill. 1989).

12.    In *In re Elias*, Fireside Terrace Condominium Association aggressively pursued the Eliases, a couple whose debts were discharged, including debts owed to their condominium association.  Like in our case, Fireside was made aware of the violation of the Discharge in Bankruptcy and requested to comply with the order, yet ignored such requests and pursued their case in state court in a harassing manner, to the financial and other detriment of the discharged debtors.  Ultimately, the Eliases brought Fireside before the Bankruptcy court to answer for its harassment, and Fireside was found in civil contempt and ordered to pay attorney's fees to the

5

debtors. The Court quickly disposed of Fireside's arguments, noting that "under Illinois law (according to Fireside) fees cannot be awarded unless a litigant employs the judicial process in bad faith." *Id.* That court responded "This argument is so far off the mark that it would be a waste of time and ink to address it." *Id.* That court found no merit and upheld the award of attorney's fees because "The most that can be made of Fireside's position is that the contempt citation was improperly issued because it did not pursue its state court claim in bad faith. Civil contempt, however, does not require a finding of willfulness or bad faith, for it serves a remedial rather than a punitive purpose. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1948). It is enough if the order violated is specific and definite, and that the offending party has knowledge of it. *In re Worthing,* 24 B.R. 774 (Bankr. D. Conn. 1982); *In re Elias,* 98 B.R. at 337.

13. When the proper "actual knowledge" standard is applied to this matter, any reasonable person would determine that an award of actual damages is warranted. The factual history of this case is clear and uncontested. As noted by the Court, the MDE Parties pursued this case when they had actual knowledge, through the registered agent Eryk Nowicki, of the discharge in bankruptcy. [ECF #98, pp.14-15]. This Court acknowledged that MDE had actual knowledge and that bad faith is not required, Memorandum Opinion at p.14, but then concluded that the long and complex litigation history excused the conduct. Memorandum Opinion at p.17. However, by looking to the long litigation history, this Court actually overlooked the very issues that required remediation – long, drawn out litigation of claims that never should have been brought on claims that were known to be barred by the discharge – and concluded that the offending party could escape liability for payment of attorney's fees if they violate the Bankruptcy Discharge more egregiously, by making the state court litigation longer, more

6

complex, more aggressive, more convoluted, and more costly to the discharged party. The Court's final reason for holding that no attorney's fees should be granted "the Respondents sincerely believed that the purported debts were not discharged" evaluates only whether MDE was acting on good faith, and not whether they had actual knowledge of the violation.

14. It is also significant to note that the ultimate decision of the Court, that MDE claims were discharged but monetary sanctions not warranted, was not a position asserted by Respondent. MDE did not dispute that if this Court determined the debt was discharged, then monetary sanctions would be warranted. The MDE Parties did not bring forth one case against the imposition of sanctions under these circumstances. Case law exists showing that sanctions against not only MDE, but also against its counsel, are warranted under these circumstances. *In re Vasquez*, 221 B.R. 222 (N.D. Ill. 1998).

15. This court determined that MDE had actual knowledge of the bankruptcy and of the discharge at the time HARDEJ's interests in MDE were purchased. This actual knowledge is sufficient to warrant damages. It is irrelevant if MDE Parties were acting in good faith or bad faith. The question is whether they had actual knowledge of the discharge order. *In re Elias*, 98 B.R. at 337. The uncontested factual history demonstrates that the MDE Parties did have this actual knowledge at the time the MDE Litigation was filed. As such, sanctions are warranted. At the very least, HARDEJ should be entitled to an award of his actual damages. The MDE Parties' retroactive attempts to claim ignorance of the discharge cannot avoid sanctions in this situation. HARDEJ has been forced to spend more than $29,000 to defend himself against these discharged claims. Konvalinka and MDE had the actual knowledge of HARDEJ's discharge at the time of the Purchase Agreement. Konvalinka and MDE had the actual knowledge that it was purchasing MDE's shares in an AS IS, WHERE IS condition. Konvalinka, McJessy and MDE had the actual

7

knowledge upon the filing of the MDE Litigation of the discharge. As such, HARDEJ requests that this Court reconsider only that portion of its February 15, 2017 Order denying HARDEJ's request for damages, and award HARDEJ the actual damages he incurred as a result of the MDE Parties' actions.

16. Further, the Court's ruling is also erroneous as it fails to address in any way Debtor's arguments regarding Konvalinka, McJessy, and MDE's cooperation in obtaining the $275,000 agreed judgment against MDE in the Austin Litigation (which amount represented the full $250,000 sought by Austin plus $25,000, the exact amount paid to purchase HARDEJ's interest in MDE) Having determined that the debt was discharged and that the MDE Litigation violated the discharge injunction, this Court further misapplied the law by failing to analyze Konvalinka, McJessy and MDE's actual knowledge in this matter in determining whether HARDEJ was entitled to actual damages under §§105(a) and 524(a), including his attorney's fees.

### III. The February 15, 2017 Order is Unclear on Whether Discharged Debtor is Barred from Pursuing Sanctions in the MDE Litigation

17. As this Court is aware, HARDEJ asserted discharge as a defense to the Cook County Litigation both in this Court and in the Cook County Court. In the event that this Court declines to reconsider only that portion of the February 15, 2017 Order regarding the award of damages under federal law, as set forth above, HARDEJ would like to file a Motion in the MDE Litigation requesting attorney's fees and costs as a sanction under Illinois Supreme Court Rule 137. This Court's Order and Memorandum does not specify if this Court's refusal to award actual damages, including attorney's fees and costs, applies solely to Discharged Debtor's Motion for Rule to Show Cause in this Court, or if it also acts as a bar to HARDEJ's request for attorney's fees through a separate petition in the MDE Litigation. As such, HARDEJ requests

that this Court clarify its ruling so that HARDEJ may pursue all possible avenues to reclaim his lost attorney's fees, which total more than $29,000.

WHEREFORE, Discharged Debtor, PAWEL HARDEJ, respectfully requests that this Honorable Court enter an order as follows:

A. Altering the February 15, 2017 Court Order [ECF #99] to award Discharged Debtor PAWEL HARDEJ damages for violation of 11 U.S.C. §524(a) including actual damages, reasonable attorney's fees and costs incurred by PAWEL HARDEJ which as of today's date are in excess of $29,000.00, plus additional fees and costs in presenting this Motion, such attorney's fees and costs to be pled and proved in accordance with an order of this Court and in a manner in which to preserve the confidentiality of the work performed by HARDEJ's attorneys;

B. Altering the February 15, 2017 Court Order [ECF #99] to clarify that Discharged Debtor PAWEL HARDEJ is not barred from bringing a Motion for Sanctions under Illinois Supreme Court Rule 137 in Cook County Circuit Court Case No. 2016 L 758, entitled *Metropolitan Development Enterprise, Inc. v. Pawel Hardej*;

C. Granting such other and further relief as this Court deems appropriate or just.

> Respectfully Submitted,
> Debtor, PAWEL HARDEJ
>
> */s/ Mia B. Wery*
> By: Mia B. Wery, Esq.

Michelle J. Rozovics, Esq., ARDC# 6237997
Mia B. Wery, Esq., ARDC# 6289755
Attorney for Discharged Debtor
Rozovics Law Firm, LLC
263 King Street
Crystal Lake, IL 60014
815-479-9733
815-479-9734 (fax)